UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

JOHNATHAN DEMETRIUS GREEN,
JARELL DAIVON WILLIAMS,
DINSIMORE GUYTON ROBINSON,
KENDALL ORMOND LONDON, Jr., and
BRIAN KEITH COLDMON, Jr.,

                                    **<u>INDICTMENT</u>**

        Defendants.
_____/

The Grand Jury charges:

(Conspiracy to Commit Money Laundering)

Beginning some time prior to September 2020, and continuing through at least April 2022, the exact dates being unknown to the grand jury, in the Northern Division of the Western District of Michigan and elsewhere,

**JOHNATHAN DEMETRIUS GREEN,
JARELL DAIVON WILLIAMS,
DINSIMORE GUYTON ROBINSON,
KENDALL ORMOND LONDON, Jr., and
BRIAN KEITH COLDMON, Jr.,**

and others known and unknown to the grand jury, knowingly conspired and agreed to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole or in

part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

## Background

1. Cash applications, like Apple Pay, Cash App, and Zelle, operate using facilities and means of interstate commerce, including but not limited to the internet, cellular telephone networks, and the federal reserve banking system.

2. Unindicted co-conspirators (sextortionists) devised a fraudulent scheme, in which they pretended to be a young woman in social media accounts and sought to have teenage boys and young men engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Once the victims produced and sent images of sexually explicit conduct, the sextortionists used the images to blackmail the victims for money by threatening to send the images to others, including but not limited to the families, friends, and classmates of the victims.

3. The sextortionists include, but are not limited to, Samuel Ogoshi, Samson Ogoshi, and Ezekiel Ejeheim Robert, as charged in Western District of Michigan Case No. 2:22-CR-00025.

## Object of the Conspiracy

The object of the conspiracy was to enrich the participants by laundering fraud proceeds.

## Manner and Means

1. Victims of the sextortion scheme were instructed to send money to Defendants' financial accounts through various cash applications, like Apple Pay, Cash App, Zelle, and others.

2. Defendants kept a portion of the victims' funds, typically 20%, and they converted the rest into bitcoin.

3. Defendants then sent the bitcoin to an unindicted Nigerian co-conspirator, who they referred to as the Plug. The Plug kept a portion of the bitcoin funds, and sent the remainder to Samuel Ogoshi, Samson Ogoshi, Ezekiel Robert, and other sextortionists.

4. The laundered transactions include but are not limited to the following: on or about March 25, 2022, Victim 1 sent $300 via Apple Pay to Green. Green transferred a portion of those Apple Pay funds into CashApp funds. Using those CashApp funds, Green purchased bitcoin, which he sent to the Plug. The Plug kept a portion of the funds and sent the remainder to the sextortionists.

18 U.S.C. § 1956(h), (a)(1)(B)(i)
18 U.S.C. § 1343

# FORFEITURE ALLEGATION
(Conspiracy to Commit Money Laundering)

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956 set forth in this Indictment, Defendants,

**JOHNATHAN DEMETRIUS GREEN,**
**JARELL DAIVON WILLIAMS,**
**DINSIMORE GUYTON ROBINSON,**
**KENDALL ORMOND LONDON, Jr., and**
**BRIAN KEITH COLDMON, Jr.,**

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $178,658, which represents the amount of money involved in the offense charged in this Indictment.

2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

18 U.S.C. § 982(a)(1)  
21 U.S.C. § 853(p)  
18 U.S.C. § 982(b)  
18 U.S.C. § 1956

                                  A TRUE BILL

                                  [ /s/ Redacted ]  
                                  GRAND JURY FOREPERSON

MARK A. TOTTEN  
United States Attorney

_____  
DAVIN M. REUST  
Assistant United States Attorney