UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  No. 2:24-CR-17

v.                                            Hon. ROBERT J. JONKER
                                                  U.S. District Judge

DINSIMORE GUYTON ROBINSON,

    Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION FOR
<u>A DOWNWARD DEPARTURE</u>**

The United States of America moves, pursuant to U.S.S.G. § 5K1.1, for a downward departure from defendant Dinsimore Guyton Robinson's final guideline range, as computed by the Court. In support of this motion, the government states the following.

**Procedural History**

On July 16, 2024, the grand jury returned an indictment charging Robinson and others with conspiring to commit money laundering. (R.1: Indictment, PageID.1.) On January 22, 2025, Robinson appeared before this Court and pleaded guilty to indictment.

A presentence report was prepared in this case. (R.124, PSR, PageID.343.) The parties no have outstanding objections to the report. According to the PSR, Robinson's offense level is 13 and his criminal history category is I, which is an advisory guideline range of 12 to 18 months. (*Id*., ¶ 225, PageID.377.)

### Defendant's Substantial Assistance

Robinson participated in a proffer interview where he discussed information he knew about the conspiracy. In particular, he provided truthful information that was substantial assistance about the conspiracy and the knowing participation of himself and others. Robinson's cooperation and commitment to testify if necessary was shared with other charged defendants.

### Relevant Sentencing Guidelines Provision

Section 5K1.1 of the United States Sentencing Guidelines provides, in relevant part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1 (policy statement). Whether, and to what extent, to depart downward from the guideline range is within the sound discretion of the Court. *See, e.g.*, *United States v. Organek*, 65 F.3d 60, 63 (6th Cir. 1995); *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991). Any such departure must be reasonable in light of the cooperation provided by the defendant. *Snelling*, 961 F.2d at 97.

In this case, Robinson provided substantial assistance with his truthful and complete proffer. Accordingly, the government recommends that based on his substantial assistance, Robinson receive a reduction of two (2) levels from his guideline offense level. If granted, a 2-level reduction would result in an offense level 11 with Criminal History Category I which is a guideline range of 8-14 months.

The ultimate determination of the appropriate sentence in this matter is, of course, within the sole discretion of this Court.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: May 28, 2025

/s/ *Daniel Y. Mekaru*
DANIEL Y. MEKARU
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404