**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

                Plaintiff,    Case No.:  2:24-cr-0017

vs.

                Hon. Robert J. Jonker

KENDALL ORMOND LONDON,

                Defendant.
_____

| | |
|---|---|
| Daniel Y. Mekaru | J. Allen Fiorletta (P41872) |
| Attorney for Plaintiff | Attorney for Defendant |
| 330 Ionia Avenue NE | 1971 E. Beltline Avenue NE |
| Suite 501 | Suite 106 |
| Grand Rapids, MI 49503 | Grand Rapids, MI 49525 |
| (616) 456-2404 | (616) 433-5144 |

_____

### **DEFENDANT, KENDALL ORMOND LONDON'S SENTENCING MEMORANDUM**

    Ahead of sentencing, Kendall Ormond London, submits this sentencing memorandum, and requests that the Court grant the governments July 7, 2025 motion for downward departure for the reasons set forth in its accompanying brief, and in accordance with the guideline range after said departure, sentence Defendant to a period of supervised probation oversight.

    The PSR prepared for the Court is extremely thorough and factually accurate as it relates to Mr. London's background and involvement in the offense charged herein.

    According to the PSR, Defendant London's offense level is 11 and his criminal history category is I, with an advisory guideline range of 8 to 14 months. (R.155, paragraph 222, PageID. 769)

    As set forth in the government's Brief in Support of Motion for Downward Departure, Mr. London participated in a proffer interview, provided truthful information that was substantial assistance about the conspiracy and the knowing participation of himself and others, and testified in grand jury leading to charges against another individual.

    Section 5K1.1 of the U.S.S.G. allows this Court to depart from the guidelines due to Mr. London's "substantial assistance". Defendant recognizes that the decision whether, and to what

extent, to depart downward from the guideline range is within this Court's discretion. Defendant concurs with the government that a four (4) level downward departure is appropriate in this case, thereby bringing Mr. London's guidelines to an offense level 7, criminal history category I, with a guideline range of 0-6 months.

Mr. London submits that a sentence of probation is warranted under 18 USC 3553(a) due, in part, to the facts and circumstances in this case - as set forth in detail in the PSR.

Mr. London has no previous juvenile or adult criminal history. He has no other arrests or pending charges. He has been continually employed with Pilkington North America, Inc., since November 2021. He lives with his fiancé in Georgia. He has continued support from his family, his employer, and his many friends.

Incarceration is simply unnecessary in this case. Mr. London's life and future have been irreparably altered as a result of becoming a convicted felon. He was, and remains, a humble, respectful, God-following young man who made very poor choices. Those choices have cost him dearly, both financially and otherwise. Nonetheless, he continues to go to work every day as he works to repair the damage and hurt that he has caused others, including the victims in this case. A sentence of probation will allow him to continue to do so unabated.

Mr. London is aware that other Defendants in this case have been sentenced to probation, including a Defendant with a higher criminal history category. To avoid sentencing disparity, Mr. London requests a probationary sentence.

Mr. London remains gainfully employed. Incarceration would likely cause him to lose his job and, as a convicted felon, make finding a new one extremely difficult, Mr. London has significant restitution to pay. Remaining out of prison and employed will allow Mr. London to make those payments immediately and consistently.

Mr. London's incredible sense of guilt, embarrassment and remorse will weigh on him every single day. Yet he recognizes the pain and harm that his actions have caused innocent victims. He is focused on doing everything that he can to make amends for his conduct. He has acknowledged his involvement in this scheme. He has assisted the government in its efforts to

hold others responsible. He has not shied away from responsibility for his actions. The guidelines in this case allow for a sentence of probation. Mr. Lpndon respectfully requests that this Court sentence him accordingly.

Dated: July 16, 2025                                                                   Respectfully submitted,

                                                                                        /s/ J. Allen Fiorletta
                                                                                        J. Allen Fiorletta (P41872)
                                                                                        Attorney for Defendant
                                                                                        1971 E. Beltline Avenue NE
                                                                                        Suite 106
                                                                                        Grand Rapids, MI 49525
                                                                                        (616) 433-5144